IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.: 1:20-cv-21859-CMA

In the Matter of the Complaint for Exoneration
from or Limitation of Liability by Jose Garcia,
as owner of the 2019 40' Beneteau Motor
Yacht bearing Hull Identification No.
BENER159L819,

    Petitioner.

_____/

## CLAIMANT JOSEPH WHALEN'S CORRECTED[1] MOTION TO DISMISS PETITION FOR EXONERATION AND LIMITATION

COMES NOW, the Claimant JOSPEH WHALEN, by and through his undersigned counsel and moves the Court to dismiss the Petition of JOSE GARCIA for Exoneration from and/or Limitation of Liability [D.E. 1] and would respectfully show the Court as follows:

## CLAIMANT'S MOTION TO DISMISS

This limitation proceeding arises from an accident occurring on or about March 8, 2020, when a 40' Beneteau Motor Yacht [hereinafter "YACHT"], alleged to be owned by the Petitioner JOSE GARCIA, crashed into the dock located adjacent to the Casablanca Restaurant on the Miami River. [D.E. 1, ¶¶ 2, 6].  At the time of the incident, the Claimant JOSEPH WHALEN was lawfully and appropriately standing on the dock next to another vessel that was properly moored to it.  Although WHALEN attempted to avoid the Petitioner's vessel as it crashed into the dock, he was not able to do so, sustaining very serious injuries.

_____

[1] The Corrected Motion merely corrects an error in the certificate of service.

*The Peltz Law Firm, P.A. Miami, Florida  RPeltzLaw@Gmail.com  Phone 786-732-7219*

In the Petition for Exoneration and/or Limitation, the sole factual description of the incident and the events leading up to it is contained in paragraph 6, which states in its entirety:

> 6. On or about March 8, 2020, the vessel was tied up to a dock at the Casablanca Restaurant on the Miami River in Miami-Dade County, Florida when someone started the vessel and engaged the engines, causing the vessel to crash into another vessel in the area which allegedly resulted in bodily injuries and property damage (hereinafter the "Incident").

[D.E. 1, ¶ 6].

The remainder of the Petition simply contains various <u>conclusory</u> allegations <u>without any factual support</u>, such as "PETITIONER exercised due diligence to make and maintain the Vessel in all respects seaworthy" [D.E. 1, ¶ 4], "No act or omission by PETITIONER contributed in any way to the cause of the Incident" [D.E. 1, ¶ 11] and "The aforesaid injuries and damages were done, occasioned and incurred without the privity and knowledge of PETITIONER" [D.E. 1, ¶ 12].

As discussed in more detail in the memorandum of law below, these allegations are completely insufficient to satisfy the requirements of Supplemental Rule F(2), which <u>require</u> a complaint for limitation and/or exoneration to "set forth the <u>facts</u> on the basis of which the right to limit liability is asserted and <u>all facts</u> necessary to enable the court to determine the amount to which the owner's liability shall be limited." (emphasis added).

For example, the petition fails to give even the slightest hint as to (1) where the Petitioner was at the time of the incident and whether he was capable of controlling it, (2) the identity of the alleged operator and her relation to the Petitioner, (3) whether the operator was a permissive user of the vessel, (4) if the operator was not a permissive user, how she managed to obtain control of the vessel and operate it, (5) what steps the

Petitioner took in allegedly exercising reasonable care to secure and/or disable the vessel while he was not aboard it to prevent another person from operating it, (6) whether he knew that the operator was inexperienced, impaired and/or incapable of operating the vessel in a safe manner and (7) if the Petitioner claims to have utilized the devices on the vessel to secure and/or prevent its unauthorized use why they did not prevent the operation of the vessel (thereby rendering it unseaworthy).  As set forth in the cases and authorities below, a sufficient petition for limitation and/or exoneration is required at a minimum to set forth factual allegations fully addressing these issues.

As also discussed in more detail below, the allegations regarding the value of the vessel are equally deficient. These allegations are based solely upon an expert's report attached to the Petition, which is woefully inadequate to meet Supplemental Rule F's requirement that the Petitioner must set forth "all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited." (emphasis added). These deficiencies are discussed in detail below.

### MEMORANDUM OF LAW

### 1.  Allegations of Exoneration and Limitation

Actions seeking exoneration and/or limitation are governed by the Supplemental Rules for Admiralty or Maritime Claims. Rule A (2) provides that "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."  Supplemental Rule F, which governs the procedures for limitation claims, provides in pertinent part:

> (2)  Complaint.  The complaint shall set forth the facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited.

3

(emphasis added).

This standard for setting forth a legally sufficient claim for exoneration and/or limitation requires a higher degree of specificity than pleading under Rule 8,

> Rule F(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims requires a complaint seeking limitation of liability to "set forth the facts on the basis of which the right to limit liability is asserted ..." "[T]he effect of [this] provision is to <u>require a higher degree of specificity</u> ..." in pleading. 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1227 (3d ed. 2004).

*In the Matter Of: Complaint of Amadeo Lopez-Castro, III*, 2005 WL 8155930 (S.D.Fla. Nov. 15, 2005)(emphasis added) at *1.

Accordingly, the Eleventh Circuit has held that a petition for limitation and/or exoneration may not rely upon mere conclusions, but instead must set forth detailed facts to be sufficient:

> While "the narrative need not necessarily be elaborate," it "should be <u>full and complete</u>." *Benedict*, § 74, p. 8–25 and 8–26. "<u>The faults of other parties</u> and other vessels are <u>[to be] alleged in detail</u> as in the case of any collision libel or answer." *Benedict*, § 74, p. 8–29; *see also* Suggested Forms 74–17 and 74–19. These requirements were not met.

*In the Matter of Sunshine II*, 808 F.2d 762, 764 (11ᵗʰ Cir. 1987)(emphasis added).  As a result, the court held that merely alleging that another party was negligent and that the accident and injuries "were not caused by or contributed to by the privity or knowledge or by any fault, neglect or want of care on the part of the [petitioner]" is not legally sufficient to state a claim.  *Id* at p. 763.

Similarly, in reliance upon *Sunshine II*, the district court in the *Matter of Lopez-Castro*, which also arose out of a collision, held that the conclusory allegations that the petitioner had exercised due diligence in making the vessel seaworthy and that the accident was caused solely by the fault of the other party were legally insufficient:

Petitioner's allegations that he "exercised due diligence," that "injuries allegedly resulting [from the collision] were not caused by reason of any fault ... [on the part of Petitioner]", and that Petitioner "had no 'privity or knowledge' " <u>are all legal conclusions rather than "facts</u> on the basis of which the right to limit liability is asserted." <u>See</u> Rule F(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Petitioner's conclusory allegations <u>do not "meet the higher degree of specificity" required</u> of complaints to limit liability, nor do they provide a " 'full and complete' " narrative setting forth the " 'faults of other parties and other vessels ...'" *M/V Sunshine*, 808 F.2d at 764. Petitioner's complaint therefore does not meet the pleading requirements of Rule F(2).

*Matter of Lopez-Castro*, 2005 WL 8155930 at *2.

The same result was reached in *In the Matter of the Complaint of William J. Ryan*, 2011 WL 1375865 (S.D.Fla. April 12, 2011), which involved injuries and a death caused by an exploding vessel while docked.  The allegations in the petition, which are even more detailed that the ones in this case, alleged that the petitioner

was not at the helm, he was not operating the vessel's systems and took no action to cause the explosion. He also alleges that the cause of the sudden explosion remains undetermined, while maintaining that the explosion "was not caused or contributed to by any fault, neglect want of care or design" on his part.

Id. at *1.

In dismissing the petition on the grounds that it failed to state a legally sufficient claim under Rule F, the court held:

In addition, plaintiff's complaint is further defective for failure to set forth sufficient facts demonstrating plaintiff's entitlement to the protections extended under the Limitation of Liability Act. The complaint states in conclusory fashion that the explosion and resulting damage was "done, occasioned and incurred without the privity or knowledge" of plaintiff; that he at all times exercised "due diligence" to make his vessel seaworthy in all respects; and that the explosion which caused the injury and damage "was not caused or contributed to by any fault, neglect want or care or design" on his part. However, <u>he offers no facts to accompany these general legal conclusions</u>.

Because he has not provided even the minimal <u>facts necessary to suggest</u>

*The Peltz Law Firm, P.A. Miami, Florida  RPeltzLaw@Gmail.com  Phone 786-732-7219*

the potential absence of fault on his part, thereby making the limitation of liability possible, his complaint fails to meet the requirement of Supplemental Rule F(2) that a vessel owner seeking limitation of liability "set forth the facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited." *See generally M/V Sunshine II v. Whitaker,* 808 F.2d 762 (11ᵗʰ Cir. 1987) (allegation that cruiser and motor boat collided, that operator of cruiser was free from fault, and that all fault was on motor boat were insufficient to meet requirements of supplemental rule).

*Id*. at *3 (emphasis added).

The Petition in this case would not even be sufficient under the less exacting standards governing Rule 8 pleadings,[2] under which a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," "a suspicion of" or the "mere possibility" of entitlement to recover, but instead must "cross the line between possibility and plausibility of 'entitle[ment] to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-7 (2007)(emphasis added). In defining this line, the Supreme Court in *Twombly* went on to explain,

> Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

550 U.S. at 557.

---

[2] In Walker v. Mead, 2014 WL 2968405 (M.D.Fla. June 30, 2014), the court concluded that a motion to dismiss a claimant's counter-claim filed pursuant to Supplemental Rule F(5) would be determined under the standards set forth by Fed.R.Civ.P. 12(b)(6) as interpreted in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). In The Matter of the Complaint of Horizon Dive Adventures, Inc., 2018 WL 6978636 (S.D. Fla. Nov. 28, 2018), the Magistrate Judge relied upon Walker to reach the same result in ruling upon a motion to dismiss a claimant's counter-claim, further noting that neither party had suggested a different rule. Neither of this cases involved the sufficiency of a Petition under the different wording of Supplemental Rule F(2).

*The Peltz Law Firm, P.A. Miami, Florida  RPeltzLaw@Gmail.com  Phone 786-732-7219*

Although the court must accept all of the plaintiff's allegations <u>of fact</u> under Rule 8 as true, "the Federal Rules do not require courts to credit a complaint's <u>conclusory</u> statements without reference to its factual context." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009)(emphasis added).   Accordingly, a complaint that merely provides "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions[s]' devoid of 'further factual enhancement'" is not sufficient to survive a Rule 12(b)(6) motion to dismiss. *Ashcroft*, 556 U.S. at 678.

This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft*, 556 U.S. at 678, which is all that the Petition in this case alleges.

In order to meet either of these standards, the Petitioner must allege sufficient <u>facts</u> to show that it meets the requirements for establishing both limitation and exoneration.   As explained by the Eleventh Circuit in *American Dredging Co. v. Lambert*, 81 F.3d 127, 129 (11th Cir. 1996)(emphasis added),

> A shipowner is entitled to exoneration from all liability for a maritime collision only <u>when it demonstrates that it is free from any contributory fault.</u> *Tittle v. Aldacosta,* 544 F.2d 752, 755 (5th Cir.1977). The determination of whether a shipowner is entitled to limit liability, however, involves a two-step analysis which this Court explained in *Hercules Carriers, Inc. v. Claimant State of Florida,* 768 F.2d 1558 (11th Cir.1985):
>
> First, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident. Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness.

Therefore, in order to show that he has a plausible entitlement to relief, the Petitioner must allege sufficient <u>facts</u> to show that he was free from fault <u>and</u> that he did not have privity or knowledge of the negligence causing the accident. In order to

establish a lack of privity or knowledge,

> "This burden is not met by simply proving a lack of actual knowledge, for privity and knowledge is established where the means of obtaining knowledge exist, or where reasonable inspection would have led to the requisite knowledge." *Id.* (citation omitted). Thus, while knowledge may stem from an owner's personal participation in the negligence, *see Petition of M/V Sunshine, II,* 808 F.2d 762, 763 (11th Cir.1987), it also may exist where the owner "could have and should have obtained the information by reasonable inquiry or inspection," *Hercules,* 768 F.2d at 1577.

*Lambert*, 81 F.3d at 130.

Without at a minimum setting forth sufficient factual allegations to fully and adequately answer the seven questions set forth in pages two (2) through (3) above, by identifying where he was at the time of the incident and why he could not control his vessel, the identity of the operator of the vessel at the time of the incident, how she came to be in control of the vessel, the specific steps which the Petitioner allegedly took in exercising reasonable care to secure the vessel from unauthorized users and if activated whether the security systems of the vessel operated properly (if not, rendering it unseaworthy), the Petition cannot adequately state a claim for relief under Supplemental Rule F(2).

## 2. Allegations of Vessel's Value

The allegations in the Petition regarding valuation are based solely upon an expert's report attached to it [D.E. 1-1], which is woefully inadequate to meet Supplemental Rule F's requirement that the Petitioner must set forth "<u>all facts</u> necessary to enable the court to determine the <u>amount</u> to which the owner's liability shall be limited." (emphasis added).

In this regard, the expert's affidavit merely indicates that the vessel was a "42 foot long BENETEAU Grand Tourism 40, fiberglass hulled, twin diesel engine driven motor

yacht built in 2018 but a 2019 model." [D.E. 1-1, ¶ 5].   Although the type and specifications of the engines and the specific equipment, especially upgrades and add ons, carried on a high end vessel of this nature play a significant role in its value, there is no description whatsoever in the report concerning these matters.

Similarly, the affidavit's description of the methodology used by the expert merely indicates "I conducted research on the Internet and using NADA Appraisl [sic] Guides to try and establish values of <u>similar</u> motor yachts in <u>various</u> geographic areas and came to a value of CHAFLAND CUPPERFIELD" [sic] based on this review." (emphasis added). No explanation was given as to what Internet research was conducted or how it was utilized to reach the expert's opinion on value.

For example, one cannot determine whether the expert was looking at advertised prices for the sale of other vessels and if so, why he did not limit his search to the <u>identical make and model</u>, but instead decided to look at "similar vessels." There is also no indication of what constituted a "similar vessel," how many similar vessels he found, their sale prices and the geographic area where they were located. Even a cursory search on the Internet shows that there are often tremendous variations in the sale price for identical vessels depending upon their geographic location. Neither is there any explanation as to what "CHAFLAND CUPPERFIELD" means or its significance to the expert's opinion.

Even though the vessel was a 2019 model, there is no indication of when it was purchased or its purchase price, which would obviously be highly significant factors in determining its present valuation.   Likewise, although it appears as if the expert discounted the value of the vessel based upon the damage to its "hull, anchor and rails"

from the subject accident, there is no description of the extent and severity of the damage or how much he discounted the vessel's value based upon it.

Although this motion is not one seeking to exclude Petitioner's expert from testifying at trial, this Court's opinion in *Barnext Offshore, Ltd. v. Ferretti Group, USA, Inc.*, 2012 WL 13012778 (S.D.Fla. May 24, 2012) is instructive in showing the inadequacies of the affidavit of Petitioner's expert to adequately establish the value of the subject YACHT at the present time. This Court started with the proposition that neither *Daubert* nor the Federal Rules of Evidence authorize "opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Id*. at * 2. It further notes that although the parties' competing experts were both qualified by experience to render opinions regarding the valuation of the fire damaged yacht, that such experience by itself was not sufficient to render a reliable opinion as to valuation without utilizing the appropriate methodology. *Id*. at * 7-8.

In analyzing the methodology used by the experts, this Court pointed out that some of the factors which both expert's relied upon were (1) the cost of the vessel when new, (2) the amount of depreciation between purchase and the fire and the basis for determining such depreciation and (3) the costs of repair necessitated by the subject casualty—none of which are even mentioned or discussed in Petitioner's affidavit.  Both experts also identified and discussed the sales prices of a sufficient number of comparable yachts, explaining how they used them to reach an opinion on valuation. *Id*. at * 5 and * 7. Again, all we have here is the expert's statement that he conducted some undefined "research on the Internet and using NADA Appraisl [sic] Guides," without any explanation of the results of his search or the methodology utilized to convert it into his

*The Peltz Law Firm, P.A. Miami, Florida*  RPeltzLaw@Gmail.com  *Phone 786-732-7219*

ultimate opinion so that all we are left with is his *ipse dixit*.

### 3.  Conclusion

For the foregoing reasons it is clear that the Petition for Exoneration and Limitation of Liability fails to set forth a legally recognized claim under either Supplemental Rule F(2) or Fed.R.Civ.P. 8 as to either exoneration, limitation or the valuation of the vessel and accordingly, it must be dismissed.

DATED this 8th day of June 2020.

Respectfully submitted,

By: /s/ *Robert D. Peltz*
(FL Bar No.: 220418)
The Peltz Law Firm
P.O. Box. 56-6556
Miami, Fla. 33256
E-mail: RPeltzLaw@Gmail.com
Telephone:  786-732-7219
                    and
Sidney A. Goldberg, Esq.
(FBN 218774)
Goldberg & Hirsh, P.A.
3020 Sun Trust International Center
One S.E. Third Ave.
Miami, Fla. 33131
Email: Sgoldberg@Goldberghirshpa.com

Attorneys for Claimant Joseph Whalen

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 8, 2020 this document was electronically filed with the Clerk of the Court using CM/ECF and served by email transmission on Craig P. Liszt, Horr, Novak & Skipp, P.A., Two Datran Center, Suite 1700, 9130 South Dadeland Blvd., Miami, Fla., at cliszt@admiral-la.com.

By:/s/ *Robert D. Peltz*
(FL Bar No.: 220418)
The Peltz Law Firm
P.O. Box. 56-0003
Miami, Fla. 33256
E-mail: RPeltzLaw@Gmail.com

*The Peltz Law Firm, P.A. Miami, Florida  RPeltzLaw@Gmail.com  Phone 786-732-7219*