IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.: 1:20-cv-21859-CMA

In the Matter of the Complaint for
Exoneration from or Limitation of
Liability by Jose Garcia, as owner
of the 2019 40' Beneteau Motor
Yacht bearing Hull Identification
No. BENER159L819,

   Petitioner,
_____/

SOBE-IT 440, LLC,

   Third Party Plaintiff,

v.

IRAN FLEITAS and
ALLISON DILLON-TORRES, *in personam,*
and, the 2019 40' BENETEAU Motor
Yacht bearing Hull Identification
No. BENER159L819, *in rem,*

   Third Party Defendants.
_____/

## SOBE-IT 440 LLC'S AMENDED THIRD PARTY COMPLAINT

Claimant/Third Party Plaintiff, SOBE-IT 440 LLC (herein "SOBE-IT"), by

and through its undersigned attorneys and in accordance with Fed. R. Civ. P. 14 and

the Supplemental Admiralty Rules, hereby sues Third Party Defendants, IRAN

FLEITAS (herein "FLEITAS") and ALLISON DILLON-TORRES (herein "TORRES"), and, the 2019 40' Beneteau Motor Yacht bearing Hull Identification No. BENER159L819, *in rem*, and as and for its Amended Third Party Complaint herein, alleges:

1. This is an admiralty and maritime claim within the jurisdiction of this Court under the provisions of 28 U.S.C. § 1333 and is brought within the meaning of Supplemental Rule F(5) and C, and Rule 14, Federal Rules of Civil Procedure.

2. At all times material, Defendant vessel, described as a 2019 40' Beneteau Motor Yacht bearing Hull Indemnification No. BENER159L819 (herein "BENETEAU"), is and was a pleasure vessel operating on the navigable waters of the United States, within this district, in Miami-Dade County, Florida, and owned by Petitioner, JOSE GARCIA (herein "GARCIA").

3. At all times material, SOBE-IT owned the M/Y SOBE-IT, a Motor Yacht documented under the laws of the United States of America with the United States Coast Guard National Vessel Documentation Center, Official No. 1233995, known as a 45' Sea Ray (herein "Sea Ray").

4. At all times material, SOBE-IT is and was a Florida Limited Liability Company organized and existing pursuant to the laws of the State of Florida and maintained its principal place of business at its assigned slip in the marina located at 300 Alton Road, Miami Beach, Miami-Dade County, Florida.

5.     All conditions precedent to the assertion of these claims against Third Party Defendants have occurred, been performed, or have been waived.

Count I - Unseaworthiness Against BENETEAU

6.     SOBE-IT realleges and reavers each and every allegation contained in paragraphs 1 through 5 above, as if fully set forth herein.

7.     At all times material on March 8, 2020, GARCIA, as owner, was and remained in possession, custody, and control of Third Party Defendant, BENETEAU, and, responsible to supervise, direct and control his authorized and appointed operator, FLEITAS, and, those other persons he invited or allowed to be on board.

8.     At all times material on March 8, 2020, FLEITAS acted as GARCIA's designated operator of BENETEAU, and/or, as one of GARCIA's guests.

9.     During the day of March 8, 2020, with permission from GARCIA, FLEITAS and TORRES boarded the BENETEAU and consumed excessive amounts of alcoholic beverages, and upon information and belief, drugs or medications, either served by, permitted or provided by GARCIA.  Said alcoholic beverages and drugs or medications were consumed both onboard BENETEAU and ashore for prolonged periods of time prior to the allision alleged herein, under circumstances where GARCIA and FLEITAS knew or should have known that the amounts consumed

were excessive and would lead to impairment of the faculties of GARCIA, FLEITAS and others onboard or in proximity to BENETEAU.

10. At all times material, FLEITAS was unlicensed and lacked the education, skill, experience, qualifications, and training necessary to safely operate or otherwise be responsible for the safety of BENETEAU and those connected therewith or those with whom the yacht may have interacted or come in contact, and GARCIA knew or should have known these things about FLEITAS.

11. Despite the obvious impairments, due to consumption of inebriants and other mind altering drugs or medications, of FLEITAS and others, GARCIA took no corrective action whatsoever and continued to have FLEITAS be responsible to operate and be otherwise in control of the safety of BENETEAU and those connected therewith and those with whom the yacht may have interacted or come in contact.

12. On or about March 8, 2020, the Sea Ray owned by SOBE-IT, was and for some time had been, appropriately tied up and secured to the dock at the Casablanca Restaurant on the Miami River in Miami-Dade County, Florida.

13. GARCIA'S yacht, Third Party Defendant BENETEAU, at some point in time was also tied up and secured to the Casablanca Restaurant dock a number of feet off the stern of the Sea Ray with its bow pointed in the direction of the Sea Ray.

14. Unbeknownst to any of the persons onboard the Sea Ray, GARCIA and FLEITAS left BENETEAU in a totally unsecured condition, under circumstances

where it was reasonable to foresee that impaired and irrational persons, or persons of evil motive, in the vicinity of BENETEAU had the unfettered abilities to take control and operate said yacht (especially those who were invited or allowed on board during the voyage of BENETEAU), without permission, in unsafe manners, without regard to the inland rules for prevention of collisions at sea or other safety rules and regulations, and without regard to the exercise of due care.

15. GARCIA and FLEITAS left BENETEAU with its engines running or capable of being started and run, and otherwise failed to secure the vessel against operation by any person, including those inebriated or otherwise impaired persons who were brought on board during the voyage of BENETEAU.

16. As a result, TORRES and/or another person coming on board during the voyage of BENETEAU, undertook to operate the BENETEAU, placed the controls in gear, increased the throttle, and applied so much thrust that BENETEAU was caused to break its dock lines and/or the dock structure to which the lines were secured, increasing speed forward to the point of allision.

17. The properly tied-up and secured Sea Ray, which was not capable of being maneuvered because its engines were shut down and no person was at its controls, was violently struck by the BENETEAU as it accelerated and rose up on its planing steps, causing substantial damages.

18.     At all times material, GARCIA had a nondelegable duty to provide and maintain a seaworthy vessel for and during the intended voyage. This duty included that the vessel was fit for its intended purposes, staunch, strong, well equipped, and manned by a competent and skillful operator of sound judgment and discretion, with proper license and the education, skill, experience, qualifications, and training necessary to safely operate and otherwise be responsible for the safety of BENETEAU and those connected therewith or those with whom the yacht may have interacted or come in contact.

19.     At all times material, GARCIA, himself, remained in charge and command of and responsible for BENETEAU and the safety of all with whom BENETEAU may come in contact, and he became incompetent, inebriated, and otherwise impaired, disabling his ability to act as a reasonable yacht owner or otherwise prevent the vessel from becoming unseaworthy, whereby BENETEAU became and remained unseaworthy.

20.     The unseaworthy condition of BENETEAU was caused by the fault, neglect, action, omissions, or inactions of GARCIA by failing to maintain the vessel in a reasonably safe condition, failing to properly maintain security of the vessel, failing to observe safe practices in the safety and security of the vessel, failing to have sufficient and properly trained crew and unimpaired crew onboard the vessel, making or allowing intoxicating beverages and drugs or medications to be available

to persons on board BENETEAU without limiting intake, permitting persons to remain on board after intake of excessive amounts of inebriating or other intoxicating substances, and failing to secure against the unauthorized operation of the vessel under the circumstances.

21. As a proximate result of BENETEAU's unseaworthiness, BENETEAU was operated by an incompetent or otherwise impaired individual, who was not properly supervised and who caused BENETEAU to strike, and otherwise allide with, the Sea Ray, resulting in physical damage to the Sea Ray and additional losses to SOBE-IT.

22. SOBE-IT has a lien against BENETEAU by reason of BENETEAU's unseaworthiness, and the actionable conduct of GARCIA and FLEITAS, resulting in damage to its vessel, Sea Ray, and other losses thereby sustained.

23. The property damages sustained by SOBE-IT exceed $300,000.00, exclusive of interest, costs, and attorney's fees.

24. The losses SOBE-IT has further sustained include loss of charter hire, loss of use, salvage expenses, environmental protection expenses, dockage for the damaged vessel, and such other and further expenses for monitoring, dockage, and handling of the vessel into the future. The damages sustained by SOBE-IT are ongoing, in that, the Sea Ray is inoperable but must nonetheless be safely docked and secured, in a fashion which is calculated to prevent environmental harm and

secure the vessel safely to be sold or transferred to a third party, or scrapped or otherwise cannibalized.

WHEREFORE, SOBE-IT, in addition to its demand for judgment in its Amended Claim against GARCIA, *in personam*, demands judgment against, BENETEAU, *in rem*, including pre-judgment interest, costs, and attorney's fees as permitted by law, as well as any further relief that this Court deems just and proper under the circumstances.  SOBE-IT further demands judgment whereby the Petition for Exoneration From or Limitation of Liability is denied, with prejudice, and that judgment be entered without respect to exoneration from or limitation of GARCIA's liability to pay its damages.  In addition, SOBE-IT demands that *in rem* process in due form of law, according to the practices of this Honorable Court in accordance with Rules C of the Supplemental Rules for Certain Admiralty and Maritime Claims, in causes of admiralty and maritime jurisdiction, may issue for the arrest of the BENETEAU, her engines, tackle and appurtenances, etc., and that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular the matters aforesaid; that SOBE-IT have a decree for its damages aforesaid, with interest and costs; and that the BENETEAU be condemned and sold to satisfy SOBE-IT's judgment.

### *Count II -- Against FLEITAS*

25. SOBE-IT realleges and reavers each and every allegation contained in paragraphs 1 thru 5, 7 thru 17, 20, 23, and 24 above, as if fully set forth herein.

26. This Court may also exercise jurisdiction over this Third Party Complaint pursuant to 28 U.S.C. § 1367, in that, it arises out of the same transactions and occurrences as partially alleged in GARCIA's Amended Complaint for Exoneration From or Limitation of Liability filed in this action.

27. The events, acts, and circumstances giving rise to this action all occurred within the State of Florida, on the navigable waters of the United States, in Miami-Dade County, Florida, in the course of traditional maritime activities.

28. At all times material, Third Party Defendant, FLEITAS, is and was a permanent resident of Miami-Dade County, Florida and is otherwise a resident in this district.

29. Venue is proper in the United States District Court for the Southern District of Florida as at all times material hereto, the vessels involved were and continue to be in the State of Florida within this district and the incident taking place on or about March 8, 2020, as partially alleged in the Amended Complaint, as well as SOBE-IT's Claim and Third Party Complaint, occurred in this district.

30. At all times material, FLEITAS had a duty to maintain BENETEAU in a seaworthy condition, to exercise reasonable care in maintaining the vessel's safety

and security, to exercise reasonable care to prevent unauthorized third parties from operating the vessel, and to exercise reasonable care to assure that any operator was competent and free of impairment, and otherwise fully capable of operating the BENETEAU with reasonable care for the safety of others, including SOBE-IT and its property.

31.  FLEITAS owed the general public, including SOBE-IT, the duties to exercise reasonable care under the circumstances and to abide all statutes, rules and regulations governing navigation on the Miami River, and breached those duties in the following particulars:

  a. Leaving the vessel in a fully operational condition, unsecured;

  b. Failing to take any action to prevent said vessel from being fully operational by anyone who might be present;

  c. Permitting incompetent, inebriated or otherwise impaired individuals to be aboard the vessel when he knew or should have known said persons were in such conditions that irrational behavior was foreseeable, without taking proper precautions to prevent those individuals from taking control of and otherwise operating the BENETEAU;

    d. Failing to take actions to prevent individuals who were incompetent, inebriated, or otherwise impaired from being capable of taking over the controls and operating said vessel;

    e. Permitting the vessel to become unseaworthy by reason of crew or other persons onboard being so incompetent, inebriated, or otherwise impaired as to constitute a danger to themselves and others by reason of the foreseeable, irrational misconduct alleged herein; and,

    f. Allowing BENETEAU to be accessed by a person or persons to whom he had served, allowed, or otherwise made available inebriating beverages or controlled substances.

32. In the course of the events alleged above, BENETEAU was operated by TORRES without regard to due care, in violation of the inland rules for the prevention of collisions, in violation of the standards promulgated in the Florida Statutes, in violation of the navigational rules applicable to the Miami River, without proper lookout and at an excessive rate of speed under the circumstances and in violation of a no wake zone.

33. At the time of these events, TORRES was inexperienced, incompetent, inebriated, and otherwise impaired, whereby the BENETEAU was propelled directly into the properly tied up and secured Sea Ray.

34. As a proximate result of the neglect, fault, errors, omissions, or inactions of FLEITAS, BENETEAU was operated by an incompetent or otherwise impaired individual, who caused BENETEAU to strike, and otherwise allide with, the Sea Ray, resulting in damage to the Sea Ray and losses to SOBE-IT.

35. In addition, as a proximate result of negligence and the other breaches of duty alleged above by FLEITAS , SOBE-IT has been further damaged in the way of loss of charter hire, loss of use, salvage expenses, environmental protection expenses, dockage for the damaged vessel, and such other and further expenses for monitoring, dockage, and handling of the vessel into the future.

36. The damages sustained by SOBE-IT are ongoing, in that, the Sea Ray is inoperable but must nonetheless be safely docked and secured by SOBE-IT, in a fashion which is calculated to prevent environmental harm, and, secure the vessel safely to be sold or transferred to a third party, cannibalized or otherwise scrapped.

WHEREFORE, SOBE-IT, demands judgment for damages against Third Party Defendant, FLEITAS, *in personam*, including pre-judgment interest, costs, and attorney's fees as permitted by law, as well as any further relief that this Court deems just and proper under the circumstances.

### *Count III – Against TORRES*

37. SOBE-IT realleges and reavers each and every allegation contained in paragraphs 1 thru 5, 7 thru 17, 20, 23, 24, 26, 27, and 29 above, as if fully set forth herein.

38. At all times material, Third Party Defendant, TORRES, is and was a permanent resident of Miami-Dade County, Florida and is otherwise a resident in this district.

39. Third Party Defendant, TORRES, owed the general public, including SOBE-IT, the duties to exercise reasonable care under the circumstances and to abide all statutes, rules and regulations governing navigation on the Miami River, and breached those duties in the following particulars:

   a. Becoming inebriated or otherwise impaired and being otherwise incompetent, she undertook to operate BENETEAU; and,

   b. By undertaking to operate and in fact operating BENETEAU, she placed the controls in gear, increased the throttle, and applied so much thrust that BENETEAU was caused to break its dock lines and/or the dock structure to which the lines were secured, increasing speed forward to the point of allision with the properly tied-up and secured Sea Ray, which was not capable of being maneuvered

because its engines were shut down and no person was at its controls.

40. As a proximate result of the neglect, fault, and errors of TORRES, BENETEAU was operated without due care, in an unreasonably dangerous fashion, causing BENETEAU to strike, and otherwise allide with, the Sea Ray, resulting in damage to the Sea Ray and losses to SOBE-IT.

41. In addition, as a proximate result of negligence and the other breaches of duty by TORRES alleged above, SOBE-IT has been further damaged in the way of loss of charter hire, loss of use, salvage expenses, environmental protection expenses, dockage for the damaged vessel, and such other and further expenses for monitoring, dockage, and handling of the vessel into the future.

42. The damages sustained by SOBE-IT are ongoing, in that, the Sea Ray is inoperable but must nonetheless be safely docked and secured by SOBE-IT, in a fashion which is calculated to prevent environmental harm, and, secure the vessel safely to be sold or transferred to a third party, cannibalized or otherwise scrapped.

WHEREFORE, SOBE-IT, demands judgment for damages against Third Party Defendant, TORRES, *in personam*, including pre-judgment interest, costs, and attorney's fees as permitted by law, as well as any further relief that this Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

SOBE-IT respectfully demands trial by jury, or in the alternative, advisory jury.

        Dated: July 24, 2020.

        Respectfully submitted,

        KELLER & MESA, LLP
        Attorneys for SoBe-It 440, LLC
        121 Majorca Avenue, #200
        Coral Gables, FL  33134
        Telephone: (305) 529-8500
        Telefax: (305) 529-0228
        Email: jkeller@kellermesa.com

        By: *s/ John W. Keller, III*
            John W. Keller, III
            Florida Bar No. 229989