IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO.: 1:20-cv-21859-CMA

In the Matter of the Complaint for Exoneration
from or Limitation of Liability by Jose Garcia,
as owner of the 2019 40' Beneteau Motor
Yacht bearing Hull Identification No.
BENER159L819,

    Petitioner.

_____/

JOSEPH WHALEN,

    Third-Party Plaintiff,

v.

ALLISON DILLON-TORRES and
IRAN FLEITAS,

    Third-Party Defendant

_____/

### JOSEPH WHALEN'S AMENDED THIRD PARTY COMPLAINT

COMES NOW, the Claimant/Third-Party Plaintiff JOSPEH WHALEN, by and through his undersigned counsel and pursuant to Federal Rule of Civil Procedure 14 and the Supplemental Admiralty Rules files his Amended Third-Party Complaint against the Third-Party Defendants ALLISON DILLON-TORRES [hereinafter "TORRES"] and IRAN FLEITAS [hereinafter "FLEITAS"] and states as follows:

1.    The Court has jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. §1367 as it arises out of the same transaction and occurrence as the Petitioner's Petition for Exoneration from or Limitation of Liability filed in this action.

2.    At all times material hereto, the Third-party Defendant TORRES is and was a

1

resident of Miami-Dade County, Florida and is otherwise sui juris.

3. At all times material hereto, the Third-party Defendant FLEITAS is and was a resident of Miami-Dade County, Florida and is otherwise sui juris.

4. All of the acts, events and circumstances giving rise to this action occurred on the navigable waters of the United States in Miami-Dade County, Florida.

5. On or about March 8, 2020, the Petitioner JOSE GRACIA [hereinafter "GARCIA"] invited a number of people to cruise with him aboard his vessel, a 2019 40' Beneteau Motor Yacht [hereinafter the "YACHT"], including the Third-Party Defendants TORRES and FLEITAS. The Petitioner and his guests, including TORRES and FLEITAS, cruised together throughout much of the day, during which time there was the drinking of excessive amounts of alcoholic beverages served, permitted and/or made available by GARCIA aboard the YACHT.

6. In a verified pleading, GARCIA claims that he entrusted the operation of his vessel to FLEITAS and that during the relevant time period "the vessel was under the command of Iran Fleitas," who was therefore serving as its master or captain. See ECF 62, ¶7. As such FLEITAS was legally responsible for the actions and activities of GARCIA and his passengers aboard the vessel.

7. In the evening, the Petitioner GARCIA and/or FLEITAS tied up the YACHT to the dock at the Casablanca Restaurant on the Miami River and thereafter either gave permission to operate it and/or entrusted the vessel to TORRES or one of the other guests. Alternatively, GARCIA and/or FLEITAS left the engine(s) of the YACHT running and/or left the key or key device in the ignition or otherwise available and/or failed to properly secure the vessel, so that it could not be operated by an unauthorized user.

8. As a result, TORRES began to operate the YACHT and increased the throttle of

2

the YACHT causing it to break its mooring lines and/or tear off a piece of the dock and speed forward out of control.

9. At said time, the Third-Party Plaintiff WHALEN was properly and lawfully standing on the same dock next to another vessel that was properly tied up to the dock.

10. As the Third-Party Plaintiff WHALEN stood on the dock, he observed the YACHT bearing down on him at a high rate of speed about to crash into the dock, where he was standing, and the vessel that was properly moored next to him.

11. The Third-Party Plaintiff WHALEN pulled another individual, who was on the docked boat, off of it in order to save him from a direct blow from the fast moving YACHT as depicted by the embedded photograph from the restaurant's security video below.



12. Although attempting to take evasive action, WHALEN was violently struck by the fast moving YACHT as it crashed into the properly moored vessel, the dock, the individual he rescued and himself as depicted by the embedded photographs below.

3





## **COUNT I CLAIM AGAINST THIRD-PARTY DEFENDANT TORRES**

13. The Third-Party Plaintiff repeats and adopts paragraphs one (1) through twelve (12) above and further avers:

14. At all times material TORRES owed those in her vicinity the duty to exercise reasonable care under the circumstances to avoid causing foreseeable injury by her actions,

4

which duty she violated in one or more of the following manners:

    a.    By operating the YACHT when she was inexperienced and unqualified to do so; and/or

    b.    By operating the YACHT when she was impaired and/or legally intoxicated; and/or

    c.    By negligently operating the YACHT so as to cause it to either tear its mooring lines and/or to break off the portions of the dock to which its lines had been tied and thereafter crashing into stationary objects; and/or

    d.    By operating the YACHT at an excessive rate of speed for the area; and/or

    e.    By failing to keep the YACHT under control; and/or

    f.    By driving the YACHT straight into the stationary dock where WHALEN was standing and crashing into the dock, the properly moored boat next to him and striking the Third-Party Plaintiff himself; and/or

    g.    By failing to abide by all statutes, rules and regulations governing navigation on the Miami River while operating the YACHT; and/or

    h.    In other manners expected to be shown by discovery in this case.

15.    Under the "Oregon Rule," by operating the YACHT so as to strike stationary objects TORRES is presumed to have been negligent thereby shifting the burden of proof to the Third-Party Defendant to establish that such operation was not negligent.

16.    As a proximate result of the Third-Party Defendant's negligence as described above, the Third-Party Plaintiff WHALEN sustained severe and permanent injuries to his body and extremities, including but not limited to his neck, left shoulder, left hand, back and right knee as well as the extreme fright and fear arising from facing death from an out of control speeding vessel coming straight at him and resulting pain and suffering, disability,

disfigurement, mental anguish, aggravation of pre-existing conditions, inconvenience, scaring, the loss of capacity for the enjoyment of life, loss of past earnings, and impairment of his future earning capacity in addition to medical, nursing, rehabilitation and hospital expenses in the past, which expenses and losses he will continue to incur in the future. All of said damages and injuries are permanent and continuing in nature.

17. By striking the throttles and/or operating the YACHT when she knew that she was unqualified to do so and while intoxicated and/or otherwise impaired, TORRES engaged in willful, wanton and outrageous conduct. This conduct was of a gross and flagrant character, evincing reckless disregard of human life and of the safety of persons, such as the Third-Party Plaintiff, who were exposed to its dangerous effects.

WHEREFORE, the Third-Party-Plaintiff JOSEPH WHALEN sues the Third-Party Defendant TORRES for all compensatory damages allowable under the law as well as for punitive damages and demands trial by jury of all issues so triable as a matter of right.

## COUNT II CLAIM AGAINST THIRD-PARTY DEFENDANT FLEITAS

18. The Third-Party Plaintiff repeats and adopts paragraphs one (1) through seventeen (17) above and further avers:

19. As the master, captain, the person who had been entrusted with the vessel or the individual with operational control over the YACHT, FLEITAS owed WHALEN the legal duty to exercise reasonable care to prevent inexperienced, impaired, unqualified and/or unauthorized individuals from operating the YACHT in the area of the dock, since it was foreseeable that individuals properly on the dock would be injured by its operation by such individuals.

20. The Third-Party Defendant FLEITAS breached the duty of care which he owed to WHALEN by negligently failing to exercise reasonable care in one or more of the following manners:

a. By agreeing to act as master, captain or individual with operational control over the YACHT when he was not qualified by training or experience to act in such capacity; and/or

b. Entrusting, allowing or permitting an inexperienced and unqualified individual to operate the YACHT; and/or

c. Entrusting, allowing or permitting an impaired individual who had been excessively drinking alcoholic beverages in his presence to operate the YACHT; and/or

d. Entrusting, allowing or permitting an impaired individual who had been excessively drinking alcoholic beverages in his presence access to operate the YACHT; and/or

e. Leaving the YACHT running so that an inexperienced, unqualified and/or impaired individual could operate it; and/or

f. Leaving the key or key device in the ignition or otherwise accessible so that an inexperienced, unqualified and/or impaired individual could operate the YACHT; and/or

g. Failing to properly secure the YACHT so that it could not be operated by an inexperienced, unqualified, impaired and/or unauthorized individual; and/or

h. In leaving the YACHT unattended, while allowing inexperienced, unqualified and impaired individuals to remain on it without properly securing it so that it could not be operated by anyone else; and/or

i. In failing to properly monitor, supervise and/or control the YACHT, while he was off of it so as to allow inexperienced, unqualified, unauthorized and/or impaired individuals to operate it; and/or

j. In allowing and/or permitting excessive amounts of alcohol to be

7

consumed by the passengers aboard the YACHT so as to render them impaired and incapable of exercising proper judgment; and/or

    k.    Violating the instructions he was given by GARCIA to properly secure the YACHT and instead allowing it to be operated by an inexperienced, unqualified, unauthorized and/or impaired individual while he was off of the vessel; and/or

    l.    By failing to abide by all statutes, rules and regulations governing navigation on the Miami River; and/or

    m.    In other manners expected to be determined in discovery.

21.    FLEITAS is liable for the negligence and actions of TORRES by virtue of entrusting her with control or allowing her to access control over the YACHT.

22.    That as a proximate result of FLEITAS' negligence and the negligence of the operator for which he is responsible as described above, WHALEN sustained severe and permanent injuries to his body and extremities, including but not limited to his neck, left shoulder, left hand, back and right knee as well as the extreme fright and fear arising from facing death from an out of control speeding vessel coming straight at him and resulting pain and suffering, disability, disfigurement, mental anguish, aggravation of pre-existing conditions, inconvenience, scaring, the loss of capacity for the enjoyment of life, loss of past earnings, and impairment of his future earning capacity in addition to medical, nursing, rehabilitation and hospital expenses in the past, which expenses and losses he will continue to incur in the future. All of said damages and injuries are permanent and continuing in nature.

23.    As the master, captain or individual in operational control over the YACHT, FLEITAS is not entitled to seek or obtain either exoneration or limitation under 46 U.S.C. §30501 et seq.

WHEREFORE, the Third-Party Plaintiff JOSEPH WHALEN sues the Third-Party-

Defendant FLEITAS for all compensatory damages allowable under the law and demands trial by jury of all issues so triable as a matter of right.

### Reservation Of Right To Trial By Jury

The Claimant expressly reserves his right to proceed at trial before a jury in a personal injury action to be filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida in the event that this Court's Stay Order [D.E. 5] is dissolved or modified

DATED this 28th day of July 2020.

> Respectfully submitted,
>
> By: /s/ *Robert D. Peltz* (FL Bar No.: 220418)
> The Peltz Law Firm, P.A.
> P.O. Box. 56-0003
> Miami, Fla. 33256
> E-mail: RPeltzLaw@Gmail.com
> Telephone:  786-732-7219
>
> Attorney for Third-Party Plaintiff Joseph Whalen

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 28, 2020 this document was electronically filed with the Clerk of the Court using CM/ECF and served by email transmission on Craig P. Liszt, Esq., Horr, Novak & Skipp, P.A., attorney for Petitioner Garcia, Two Datran Center, Suite 1700, 9130 South Dadeland Blvd., Miami, Fla., at cliszt@admiral-law.com; John W. Keller, III, Esq. and Sheyla Mesa, Esq., Keller & Mesa, LLP, attorneys for Claimant SoBe-It 440, LLC, 121 Majorca Ave., #200, Coral Gables, Fla. 33134 at jkeller@kellermesa.com; smesa@kelllermesa.com  and Judd Rosen, Esq. and Mustafa Dandashly, Esq., Goldberg and Rosen, P.A., attorneys for Claimant Robert Roffey, III, Goldberg and Rosen, P.A., 1111 Brickell Ave., Suite 2180, Miami, Fla. 33131 at pleadings@goldbergandrosen.com; mhd@goldbergandrosen.com.

> By:**/s/** *Robert D. Peltz*
> (FL Bar No.: 220418)
> The Peltz Law Firm
> P.O. Box. 56-0003
> Miami, Fla. 33256
> Email: RPeltzLaw@gmail.com