IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-21859-CIV-ALTONAGA

In the Matter of the Complaint for Exoneration from
or Limitation of Liability by Jose Garcia, as owner of
the 2019 40' Beneteau Motor Yacht bearing Hull
Identification No. BENER159L819,

    Petitioner.

_____/

**ROBERT CHARLES ROFFEY'S ANSWER TO AMENDED COMPLAINT, CLAIM, AFFIRMATIVE DEFENSES, AND AMENDED THIRD PARTY COMPLAINT**

**COMES NOW**, Claimant, ROBERT CHARLES ROFFEY, by and through the undersigned counsel, and hereby files his Answer, Claim, Affirmative Defenses, and Third Party Complaint:

**ANSWER TO AMENDED COMPLAINT FOR LIMITATION OF LIABILITY**

1. Denied. Claimant contests that Petitioner is entitled to limitation of liability and contends that his State Court Complaint should be permitted to proceed in State Court pursuant to the Savings to Suitors Clause, which gives the State Court concurrent jurisdiction over Roffey's claims.

2. Unknown, therefore denied.

3. Unknown, therefore denied.

4. Denied.

5. Unknown, therefore denied.

6. Admitted that there was an incident resulting in injury to Claimant, Roffey, otherwise denied.


7. Unknown, therefore denied.

8. Unknown, therefore denied.

9. Unknown, therefore denied.

10. Unknown, therefore denied.

11. Unknown, therefore denied.

12. Unknown, therefore denied.

13. Unknown, therefore denied.

14. Unknown, therefore denied.

15. Unknown, therefore denied.

16. Unknown, therefore denied.

17. Unknown, therefore denied.

18. Unknown, therefore denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Unknown, therefore denied.

24. Unknown, therefore denied.

25. Unknown, therefore denied.

26. Unknown, therefore denied.

27. Denied.

28. Unknown, therefore denied.

29. Denied.

30. Denied.

31. Denied.

32. Admitted.

33. Denied.

Wherefore Clause. Denied.

## AFFIRMATIVE DEFENSES

1. All allegations not specifically admitted are denied.

2. The Petitioner fails to state a claim upon which relief can be granted.

3. This Court lacks subject matter jurisdiction under 46 U.S.C. § 181 et seq. because the Petitioner was actively negligent and/or because he negligently entrusted the vessel to a third party who was inexperienced, incompetent, and/or intoxicated, as referenced in the claim included herein.

4. The negligence that occurred on the date of the incident was within the Petitioner's privity and knowledge in the manner described in the claim, therefore he is not entitled to limitation.

5. The valuation of the vessel is improper in that it lacks sufficient details and facts to allow the Court to determine the value of the vessel and the Petitioner has denied the Claimant the opportunity to conduct his own inspection, despite request.

6. The Complaint fails to allege any facts under which an action for limitation would properly lie and fails to properly and sufficiently allege that the owner and the vessel were without fault/negligence.

7. Garcia's entrustment of the vessel precludes limitation.

Claimant demands a jury trial.

## CLAIM AGAINST PETITIONER, JOSE GARCIA, AND THIRD PATY COMPLAINT AGAINST ALLISON TORRES AND IRAN FLEITAS

**COMES NOW,** Plaintiff, ROBERT CHARLES ROFFEY, III, by and through the undersigned counsel, and hereby sues Defendants, ALLISON DILLON TORRES, individually, and JOSE A. GARCIA, and alleges as follows:

1. This is an action in within the jurisdiction of this Court.

2. At all times material hereto, Plaintiff, ROBERT CHARLES ROFFEY, III, is and was a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

3. Upon information and belief, at all times material hereto, Defendant, ALLISON DILLON TORRES, is and was a resident of Miami-Dade County, Florida.

4. Upon information and belief, at all times material hereto, Defendant, IRAN FLEITAS, is and was a resident of Miami-Dade County, Florida.

5. Defendant, IRAN FLEITAS, was hired and/or tasked and/or assigned by GARCIA to operate the vessel on the date of the incident.

6. Upon information and belief, at all times material hereto, Defendant, JOSE A. GARCIA, is and was a resident of Miami-Dade County, Florida.

7. Venue is proper as the collision giving rise to this action occurred on March 8, 2020, on the Miami River waterway adjacent to Casablanca Seafood Bar & Grill, 400 NW N River Dr, Miami, FL 33128.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. On or about March 8, 2020, Plaintiff, ROBERT CHARLES ROFFEY, III, was standing on a vessel docked at the Casablanca Seafood Bar & Grill restaurant on the Miami River.

9. On the above date, Defendant, ALLISON DILLON TORRES, operated a large

pleasure yacht (hereinafter "Defendant's vessel") along the Miami River.

10. Upon information and belief, Petitioner, JOSE A. GARCIA, is and was the registered title owner of Defendant's vessel and was also on the vessel and was acting as the captain of the vessel.

11. Upon information and belief, Petitioner, JOSE A. GARCIA, hired and/or tasked and/or entrusted the vessel to be operated by IRAN FLEITAS during the voyage.

12. Upon information and belief, Defendant, ALLISON DILLON TORRES, was under the influence of alcohol while operating Petitioner's vessel and Petitioner, Garcia, knew or should have known of this fact.

13. Defendant, ALLISON DILLON TORRES, with the permission and consent and/or by the negligence of the Defendant, GARCIA, struck Claimant's docked vessel and the Claimant and crashed through the vessel into the adjoining dock at high speeds, causing catastrophic damage (hereinafter "the incident").

14. As a result of the incident, Claimant suffered severe and permanent injuries.

15. Following the incident, Defendant, ALLISON DILLON TORRES, was arrested by law enforcement officials of the Florida Fish and Wildlife Conservation Commission.

16. Following the incident, Defendant, ALLISON DILLON TORRES, was charged with one criminal count of Boating While Under the Influence.

## COUNT I
## NEGLIGENT ENTRUSTMENT AGAINST PETITIONER, GARCIA

Claimant re-alleges and re-adopts paragraphs 1 through 16 as if fully set forth verbatim herein, and further states as follows:

17. At all times material hereto, GARCIA was onboard his vessel and was in charge of its maintenance, control, and operation as the captain and/or owner of the vessel.

18.     Defendant, GARCIA, entrusted the operation and control of the vessel to IRAN FLEITAS.

19.     At all times material hereto, GARCIA had a duty to exercise reasonable care in the way he maintained and controlled the vessel, including entrusting the vessel to an operator and to ensure that nobody incompetent, intoxicated, and/or unqualified operated the vessel, so as not to place others at an unreasonable risk of harm.

20.     At all times material hereto, GARCIA had a duty to exercise reasonable care in entrusting the vessel to an operator, which included exercising due diligence to ensure that the operator would be fit and suited to operate the vessel in a safe manner under the foreseeable conditions.

21.     On March 8, 2020, GARCIA breached said duty by entrusting the vessel to be operated by TORRES, who in the exercise of reasonable care GARCIA knew or should have known was so intoxicated that she was incapable of operating the vessel and was unfit and lacked the experience and/or skill to operate said vessel safely under the circumstances.

22.     Alternatively, GARCIA, in entrusting the operation and control of the vessel to FLEITAS, had an obligation to ensure that FLEITAS was competent, experienced, and diligent enough to operate the vessel in a safe manner, including ensuring that access was restricted to those unauthorized or incapable to operate the vessel.

23.     GARCIA failed to appropriately instruct and ensure that FLEITAS was capable of safely operating the vessel and restricting access to the vessel by unauthorized and/or incompetent persons, including TORRES.

24.     By allowing TORRES, who Petitioner, GARCIA, knew or should have known was intoxicated due to his presence and serving her drinks that evening to operate the vessel and/or be

on the vessel unsupervised, GARCIA engaged in wanton, willful, or outrageous conduct. Petitioner, GARCIA's conduct was of a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects. Furthermore, by allowing FLEITAS to operate and be in control the vessel on the day of the incident, GARCIA was negligent in failing to ensure that FLEITAS was willing and capable of safely operating the vessel, including restricting access to the vessel by unauthorized personnel and ensuring the helm was in a safe and inoperable manner when he was not present on the vessel.

25. As a result of GARCIA's negligent entrustment, TORRES operated the vessel and crashed it into the Claimant and dock, causing severe bodily injuries to Claimant, Roffey.

26. GARCIA's negligent entrustment of the vessel to TORRES and/or FLEITAS precludes limitation of liability as a matter of law.

27. As a direct and proximate result of GARCIA's negligence, ROFFEY suffered injuries and losses, including but not limited to bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, aggravation, activation or acceleration of pre-existing injury, loss of earnings and loss of ability to earn money. These losses are either permanent or continuing and ROFFEY will suffer these losses in the future.

**WHEREFORE**, ROBERT ROFFEY demands judgment against Petitioner, GARCIA, for damages, including but not limited to compensatory damages and punitive damages, costs of this action, and any other relief this Court deems just and proper, and demands a trial by jury on all issues so triable.

## COUNT II
## NEGLIGENCE AGAINST PETITIONER, GARCIA

Claimant re-alleges and re-adopts paragraphs 1 through 16 as if fully set forth verbatim

herein, and further states as follows:

28. At all times material hereto, GARCIA was onboard his vessel and was in charge of its maintenance, control, and operation as the captain of the vessel.

29. At all times material hereto, GARCIA had a duty to exercise reasonable care in the way he maintained and controlled the vessel, including the following, so as not to place others at an unreasonable risk of harm:

   a. Ensure that his vessel was properly turned off, with the engines off and throttles disengaged so that there could be no unauthorized access or use to his vessel by passengers or others;

   b. Ensure that his vessel's throttles and control were not accessible to individuals on his vessel who were inexperienced and/or intoxicated;

   c. Failing to monitor and control the vessel so as to ensure that there was no unauthorized use of the vessel while it was under his command and watch;

   d. Failing to secure his vessel against use by incompetent, inexperienced, intoxicated, and unqualified users;

   e. Failing to secure the helm;

   f. Serving excessive amounts of alcohol to his passengers such that they became a risk of danger to others and to the safe operation of the vessel;

   g. Leaving his vessel unattended while others were present on the vessel, including the helm area.

   h. Serving drink to his passengers, including to TORRES, to the extent that she became intoxicated and struck the throttles and crashed into the Claimant, ROFFEY.

30. On March 8, 2020, GARCIA breached the above-mentioned duties.

31. By allowing TORRES, who Petitioner, GARCIA, knew or should have known was intoxicated due to his presence around her that evening and serving her drinks, to remain unsupervised and unmonitored on the vessel, GARCIA engaged in wanton, willful, or outrageous conduct. Petitioner, GARCIA's conduct was of a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects.

32. As a result of GARCIA's negligence, TORRES operated the vessel and crashed it into the Claimant and dock, causing severe bodily injuries to Claimant, Roffey.

33. As a direct and proximate result of GARCIA's negligence, ROFFEY suffered injuries and losses, including but not limited to bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, aggravation, activation or acceleration of pre-existing injury, loss of earnings and loss of ability to earn money. These losses are either permanent or continuing and ROFFEY will suffer these losses in the future.

**WHEREFORE**, ROBERT ROFFEY demands judgment against Petitioner, GARCIA, for damages, including but not limited to compensatory damages and punitive damages, costs of this action, and any other relief this Court deems just and proper, and demands a trial by jury on all issues so triable.

## THIRD PARTY COMPLAINT

### COUNT I- NEGLIGENCE AGAINST DEFENDANT
### ALLISON DILLON TORRES

Claimant/Third Party Plaintiff re-alleges and re-adopts paragraphs 1 through 16 as if fully set forth verbatim herein, and further states as follows:

34. At all times material hereto, Defendant, ALLISON DILLON TORRES, had a duty

to the public and to Claimant/Third Party Plaintiff to exercise reasonable care and diligence in the operation and maintenance of Petitioner's vessel.

35.     At the time of the incident, Defendant, ALLISON DILLON TORRES, breached her duty, negligently operated Defendant's vessel, crashed directly into Plaintiff, ROBERT CHARLES ROFFEY, III, and Plaintiff's docked vessel.

36.     Defendant, ALLISON DILLON TORRES, breached her duty by negligently, carelessly, and/or intentionally operating and/or negligently or carelessly striking the throttles of GARCIA's vessel while under the influence of alcohol.

37.     By striking and/or operating the throttles while severely intoxicated, TORRES engaged in wanton, willful, or outrageous conduct. Defendant, TORRES', conduct was of a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects. Defendant, TORRES, was investigated by law enforcement and was determined to be under the influence of alcohol.

38.     As a direct and proximate result of Defendant, ALLISON DILLON TORRES', negligence, Claimant/Third Party Plaintiff suffered permanent losses, including but not limited to bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, aggravation or acceleration of pre-existing injury, loss of earnings and loss of ability to earn money. These losses are either permanent or continuing and Plaintiff will suffer losses in the future.

**WHEREFORE**, Claimant/Third Party Plaintiff demands judgment against Defendant, ALLISON DILLON TORRES, for damages in a sum in excess of the minimal jurisdictional limits of this Court, including but not limited to compensatory and punitive damages, together with costs

of this suit, and any other relief this Court deems proper, and demands a trial by jury on all issues so triable.

## COUNT II- NEGLIGENCE AGAINST DEFENDANT IRAN FLEITAS

Claimant/Third Party Plaintiff re-alleges and re-adopts paragraphs 1 through 16 as if fully set forth verbatim herein, and further states as follows:

39. Defendant, FLEITAS, was hired and/or tasked and/or entrusted and/or responsible for operation of the vessel on the day of the incident.

40. At all times material hereto, Defendant, FLEITAS, had a duty to the public and to Claimant/Third Party Plaintiff to exercise reasonable care and diligence in the operation and maintenance of Petitioner's vessel.

41. At the time of the incident, Defendant, FLEITAS, breached his duty, negligently operated Defendant's vessel, allowed TORRES to crash crashed into Plaintiff, ROBERT CHARLES ROFFEY, III, and Plaintiff's docked vessel.

42. At all times material hereto, FLEITAS, as the person in charge of the vessel, had a duty to exercise reasonable care in the way he maintained and controlled the vessel, including the following, so as not to place others at an unreasonable risk of harm:

   a. Ensure that his vessel was properly turned off, with the engines off and throttles disengaged so that there could be no unauthorized access or use to his vessel by passengers or others;

   b. Ensure that his vessel's throttles and control were not accessible to individuals on his vessel who were inexperienced and/or intoxicated;

   c. Failing to monitor and control the vessel so as to ensure that there was no unauthorized use of the vessel while it was under his command and watch;

    d. Failing to secure his vessel against use by incompetent, inexperienced, intoxicated, and unqualified users;

    e. Failing to secure the helm;

    f. Serving excessive amounts of alcohol to his passengers such that they became a risk of danger to others and to the safe operation of the vessel;

    g. Leaving his vessel unattended while others were present on the vessel, including the helm area.

    h. Serving drink to his passengers, including to TORRES, to the extent that she became intoxicated and struck the throttles and crashed into the Claimant, ROFFEY.

43. On March 8, 2020, FLEITAS breached the above-mentioned duties.

44. By allowing TORRES, who Defendant, FLEITAS, knew or should have known was intoxicated due to his presence around her that evening and serving her drinks, to remain unsupervised and unmonitored on the vessel, FLEITAS engaged in wanton, willful, or outrageous conduct. Defendant, FLEITAS' conduct was of a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects.

45. As a result of FLEITAS' negligence, TORRES operated the vessel and crashed it into the Claimant and dock, causing severe bodily injuries to Claimant, Roffey.

46. As a direct and proximate result of FLEITAS' negligence, ROFFEY suffered injuries and losses, including but not limited to bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, aggravation, activation or acceleration of

pre-existing injury, loss of earnings and loss of ability to earn money. These losses are either permanent or continuing and ROFFEY will suffer these losses in the future.

**WHEREFORE**, ROBERT ROFFEY demands judgment against Defendant, FLEITAS, for damages, including but not limited to compensatory damages and punitive damages, costs of this action, and any other relief this Court deems just and proper, and demands a trial by jury on all issues so triable.

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that a true and accurate copy of the foregoing was served and electronically filed upon all counsel of record identified on the below Service List on this **30th day of July, 2020.**

        **GOLDBERG & ROSEN, P.A.**
        Counsel for Plaintiff(s)
        1111 Brickell Avenue-Suite 2180
        Miami, Florida 33131
        Tel: (305) 374-4200
        Fax: (305) 374-8024

        *s/ Mustafa Dandashly*
BY: _____
        Judd G. Rosen, Esq., Fla. Bar No. 0458953
        Mustafa H. Dandashly, Fla. Bar No. 118159
        Primary E-mail: pleadings@goldbergandrosen.com
        Secondary E-mails: mhd@goldbergandrosen.com