UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

"IN ADMIRALTY"

CASE NO.:  20-CV-21859-ALTONAGA

In the Matter of the Complaint for Exoneration
from or Limitation of Liability by Jose Garcia,
as owner of the 2019 40' Beneteau Motor
Yacht bearing Hull Identification No.
BENER159L819,

    Petitioner.
_____/

**PETITIONER'S THIRD PARTY COMPLAINT**
**AGAINST ALLISON DILLON-TORRES**

Petitioner, JOSE GARCIA, by and through his undersigned counsel, and in accordance with Fed. R. Civ. P. 14 and the Supplemental Admiralty Rules, hereby sues Third Party Defendant ALLISON DILLON-TORRES (hereinafter "TORRES"), and alleges:

1. This an admiralty and maritime claim brought within the jurisdiction of this Court pursuant to 28 U.S.C. §1333 and is brought within the meaning of Supplemental Rule F(5) and Fed. R. Civ. P. 14.

2. On information and belief, TORRES is a citizen and resident of Miami-Dade County, Florida.

3. Venue is appropriate in this district as the underlying incident occurred in Miami-Dade County, Florida.

4. The subject vessel is a 2019 40' Beneteau Motor Yacht bearing Hull Identification No. BENER159L819, (hereinafter "the Vessel").

5. At all times material, PETITIONER was the owner of the Vessel.

6. At all times material, PETITIONER exercised due diligence to make and maintain the Vessel in all respects seaworthy; and all times material, she was in all respects seaworthy and fit for the use in which she was engaged until the occurrence of the incident hereinafter described.

7. On or about March 8, 2020, Petitioner and a group of people took the vessel out on the navigable waters on the United States in Miami, Florida.

8. The vessel was under the command of Iran Fleitas, who PETITIONER asked to operate the vessel for the evening.

9. The vessel traveled up the Miami River to the Casablanca Restaurant, where she was tied up to the dock, the engines were shut down, and the key was placed in a lock box out of sight.

10. PETITIONER and his guests then went into the restaurant for dinner.

11. While PETITIONER was having an after-dinner coffee and paying the bill, two of the guests, one of whom was TORRES, boarded the vessel without PETITIONER's knowledge or consent.

12. Again, without PETITIONER's knowledge or consent, TORRES started and engaged the engines, causing the vessel to crash into another vessel, which allegedly resulted in bodily injuries and property damage (hereinafter the "Incident").

13. Prior to the incident, all guests were told to stay away from the helm station of the Vessel and that they were not allowed to operate the Vessel.

14. At no time prior to the incident did PETITIONER give anyone other than Mr. Fleitas permission to operate the vessel.

15. Third Party Defendant TORRES operated the Vessel at the time of the incident without PETITIONER's knowledge or consent.

16. Multiple persons have claimed injuries as a result of the incident, including Joseph Whelan, ECF 69 and Robert Roffey, ECF 78.

17. One claimant, SOBE-IT 440, LLC, has claimed property damage as a result of the Incident. ECF 61.

18. The Vessel itself was damaged during the incident.

19. PETITIONER commenced an acting seeking exoneration from or limitation of liability pursuant to 46 U.S.C. 30505 et seq. ECF 57

20. No act or omission by PETITIONER contributed in any way to the cause of the Incident.

21. The aforesaid injuries and damages were not caused or contributed to by any fault, negligence or lack of due care by PETITIONER or the Vessel.

22. The aforesaid injuries and damages were done, occasioned and incurred without the privity and knowledge of PETITIONER.

23. Rather, the aforesaid injuries and damages were done, occasion and incurred solely due to the unauthorized use of the Vessel by TORRES.

24. All conditions precedent to this action have been met or waived.

### **COUNT I - CONVERSION**

25. Petitioner readopts and realleges paragraphs 1 – 24 as if fully asserted herein.

26. At the time of the incident, TORRES intentionally and knowingly exercised dominion over Petitioner's Vessel.

27.     At the time of the incident, TORRES did not have Petitioner's authorization, consent, or permission, either express or implied, to exercise dominion over the Vessel.

28.     Rather, without Petitioner's authorization, consent, or permission, either express or implied, to exercise dominion over the Vessel, TORRES undertook to start the vessel, operated it on the navigable waters of the United States, and cause damage to other vessels and persons, and the Vessel itself.

29.     As a proximate result of TORRES' conversion of the Vessel, Petitioner and his Vessel where damaged.

30.     As a proximate result of TORRES' conversion of the Vessel, multiple claimants have asserted claims against the Petitioner and the Vessel.

WHEREFORE, Petitioner demands judgment for damages against Third Party Defendant TORRES, including pre-judgment interest, costs, and attorney's fees, as permitted by law, as well as any further relief that this Court deems just and proper under the circumstances.

## COUNT II - NEGLIGENCE

31.     Petitioner readopts and realleges paragraphs 1 – 24 as if fully asserted herein.

32.     TORRES, as operator of the Vessel at the time of the incident, owned a duty to exercise reasonable care in the operation and navigation of the Vessel.

33.     At the time of the incident, TORRES breached that duty of care in multiple ways, including:

    A.     Failing to comply with statutory and regulatory standards for operating a Vessel on navigable waters;

    B.     Failing to comply with Navigational Rules for Inland Waters,

  C. Failing to operate the vessel in a reasonable, safe and careful manner,

  D. And other acts of negligence as will be determined through discovery.

34. As a proximate result of TORRES' breach of the aforementioned duties, Petitioner and his Vessel where damaged.

35. As a proximate result of TORRES' breach of the aforementioned duties, multiple claimants have asserted claims against the Petitioner and the Vessel.

WHEREFORE, Petitioner demands judgment for damages against Third Party Defendant TORRES, including pre-judgment interest, costs, and attorney's fees, as permitted by law, as well as any further relief that this Court deems just and proper under the circumstances.

## COUNT III – CONTRIBUTION

36. Petitioner readopts and realleges paragraphs 1 – 24 as if fully asserted herein.

37. TORRES, as operator of the Vessel at the time of the incident, owed a duty to exercise reasonable care in the operation and navigation of the Vessel.

38. At the time of the incident, TORRES breached that duty of care in multiple ways, including:

  A. Failing to comply with statutory and regulatory standards for operating a Vessel on navigable waters;

  B. Failing to comply with Navigational Rules for Inland Waters,

  C. Failing to operate the vessel in a reasonable, safe and careful manner,

  D. And other acts of negligence as will be determined through discovery.

39. As a proximate result of TORRES' breach of the aforementioned duties, multiple claimants have asserted claims against the Petitioner and the Vessel, including Joseph Whelan, ECF 69, Robert Roffey, ECF 78, and SOBE-IT 440 LLC, ECF 61.

40. The aforementioned Claims against Petitioner and the Vessel were occasioned due solely to the fault and/or negligence of TORRES, and not by any action or inaction of Petitioner of the Vessel.

41. Nevertheless, Whelan, Roffey and SOBE-IT have sued Petitioner for damages resulting from TORRES' actions and/or negligence.

42. Additionally, Petitioner has incurred the costs of defense relating to the claims brought against him.

43. Accordingly, Petitioner is entitled to contribution from TORRES for the damages sought by the claimants as a proximate result of TORRES' negligence and conversion of the Vessel.

44. In addition, Petitioner is entitled to damages from TORRES for the costs and expenses he has incurred and continues to incur in connection with defending against the claims by the Claimants in this action.

WHEREFORE, Petitioner demands judgment for damages against Third Party Defendant TORRES, including contribution, pre-judgment interest, costs, and attorney's fees, as permitted by law, as well as any further relief that this Court deems just and proper under the circumstances.

Submitted this 7th day of August, 2020.

Respectfully submitted,

s/*Craig P. Liszt*
**Craig P. Liszt**
Florida Bar No. 63414
cliszt@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Blvd.
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile:  (305) 670-2526
***Attorneys for Petitioner***

## SERVICE LIST

**Robert D. Peltz, Esq.**
The Peltz Law Firm
P.O. Box 56-6556
Miami, FL  33256
Email:  RPeltz@gmail.com
*Attorney for Claimant, Joseph Whalen*

**John W. Keller, III, Esq.**
**Sheyla Mesa, Esq.**
Keller & Mesa, LLP
121 Majorca Avenue, #200
Coral Gables, FL  33134
Email: jkeller@kellermesa.com
Email:  smesa@kelleresa.com
*Attorney for Claimant, SoBe-It 440, LLC*

**Sidney A. Goldberg, Esq.**
Goldberg & Hirsch, P.A.
3020 Sun Trust International Center
One S.E. Third Avenue
Miami, FL  33131
Email:  SGoldberg@goldberghirshpa.com
*Co-Counsel for Claimant, Joseph Whalen*

**Mustafa Dandashly, Esq.**
Goldberg & Rosen, P.A.
1111 Brickell Avenue – Ste 2180
Miami, FL  33131
Email:  pleadings@goldbergandrosen.com;
mhd@goldbergandrosen.com;
evelyn@goldbergandrosen.com
*Attorney for Claimant, Robert Roffey*