IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-21859-CIV-ALTONAGA

In the Matter of the Complaint for Exoneration from
or Limitation of Liability by Jose Garcia, as owner of
the 2019 40' Beneteau Motor Yacht bearing Hull
Identification No. BENER159L819,

    Petitioner.
_____/

## NOTICE OF JOINT LIABILITY

**COMES NOW**, Claimant, ROBERT CHARLES ROFFEY, by and through the undersigned counsel, and hereby files his Notice of Joint Liability:

1. Claimant, ROFFEY, hereby files this Notice of Joint Liability pursuant to the Court's Order on its Default Procedure [D.E. 68].

2. The present action arises out of a boating incident that occurred on March 8, 2020. The vessel owned by Petitioner, Jose Garcia, was negligently operated, controlled, maintained, entrusted, and/or secured, resulting in the vessel striking Claimant, Roffey and causing Roffey injuries.

3. Subsequently, Jose Garcia filed the present Petition seeking to limit his liability.

4. The Parties, including Roffey, filed their Answers, Claims, and Third Party Complaints against Third Party Defendant, Allison Dillon-Torres. Claimant, Whalen, also filed a Motion to Dismiss, and Claimant, Roffey, joined in the Motion. Following briefing on Co-Claimant, Whalen's, Motion to Dismiss, the Court granted the Motion to Dismiss, granting Garcia leave to amend. The Parties, including Roffey, filed their Answers, Claims, and Third Party Complaint against Third Party Defendant, Allison Dillon-Torres.

5. In Garcia's Amended Petition, he identified for the first time that Iran Fleitas was tasked with operating and captaining the vessel on the day of the incident. Accordingly, Claimant, Roffey, filed an Amended Answer, Claim, and Third Party Complaint naming Iran Fleitas as a potentially culpable party. The other Claimants also filed Amended Third Party Complaints identifying Iran Fleitas as a culpable Defendant.

6. Roffey hereby incorporates his Amended Answer, Claim, and Third Party Complaint to this Notice of Joint Liability. Furthermore, the basis of liability against Garcia, Fleitas, and Dillon-Torres is their failure to operate, entrust, secure, and maintain the vessel in a safe manner, such that it crashed into the Claimant.

7. Maritime law applies the principles of joint and several liability. Therefore, the Third Party Defendants, Dillon-Torres and Fleitas, as well as the Petitioner, Garcia, would all be jointly and severally liable to the Claimant for their negligence. *See Ebanks v. Great Lakes Dredge & Dock Co.*, 688 F.2d 716 (11th Cir. 1982); *Hays v. Foster Wheeler Energy Corp.*, 2014 WL 12661273 (S.D.Fla. September 15, 2014); *Farley v. Magnum Marine Corp.*, 1995 WL 795711 (S.D.Fla. June 9, 1995).

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and accurate copy of the foregoing was served and electronically filed upon all counsel of record identified on the below Service List on this **10th day of August, 2020.**

                        **GOLDBERG & ROSEN, P.A.**
                        Counsel for Plaintiff(s)
                        1111 Brickell Avenue-Suite 2180
                        Miami, Florida 33131
                        Tel: (305) 374-4200
                        Fax: (305) 374-8024

BY: *s/ Mustafa Dandashly*
        Judd G. Rosen, Esq., Fla. Bar No. 0458953
        Mustafa H. Dandashly, Fla. Bar No. 118159
        Primary E-mail:  pleadings@goldbergandrosen.com
        Secondary E-mails:   mhd@goldbergandrosen.com